# EXHIBIT A

# COMMONWEALTH OF VIRGINIA



RECEIVED
NOV 1 2 2024
Chesterfield County
Attorney's Office

CHESTERFIELD COUNTY CIRCUIT CO
Civil Division
9500 COURTHOUSE ROAD
CHESTERFIELD  VA  23832-0909

Summons

To: CHESTERFIELD COUNTY PUBLIC SCHOOL        Case No. 041CL24004319-00
DR JOHN T MURRAY
ACTING SUPERINTENDENT
9900 KRAUSE ROAD
CHESTERFIELD VA 23832

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, November 04, 2024

Clerk of Court: AMANDA L POHL

by _____
(CLERK/DEPUTY CLERK )

Instructions:    REQUEST FOR ADMISSION

RECEIVED
NOV - 8 2024
SUPERINTENDENT'S
OFFICE

Hearing Official:

Attorney's name:    HODGES, CHARLOTTE P; ESQ

VIRGINIA:

## IN THE CHESTERFIELD COUNTY CIRCUIT COURT

JADA ANN THORNTON,
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

**RECEIVED**

**NOV - 8 2024**

Plaintiffs,

**SUPERINTENDENT'S**

v.

**O**FFICE

CHESTERFIELD COUNTY PUBLIC SCHOOLS,
Serve On: Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

**RECEIVED**

**NOV 1 2 2024**

Serve On: Chesterfield County School Board
Dot Heffron, Chair
9900 Krause Road
Chesterfield, VA 23832

DOCKET NO.:

Chesterfield County
Attorney's Office

and

ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools

Defendants.

## COMPLAINT

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie

Briggs, by counsel, and respectfully moves this Honorable Court for judgment Against the

Defendants, Chesterfield County Public Schools (hereinafter "CCPS"), Anthony McLaurin

(hereinafter "McLaurin"), in his capacity as Principal of Thomas Dale High School (hereinafter

"TDHS), and John/Jane Doe, Bus Driver, in his/her capacity as an employee of CCPS, jointly

1

and severally, in the amount of $375,000.00 together with costs of this action, and pre-judgment and post-judgment interest from November 3, 2022, on the grounds set forth below:

## PARTIES

1. Plaintiff, Jada Ann Thornton (hereinafter "Jada"), is a 22-year-old incapacitated adult, who has been diagnosed with Autism Spectrum Disorder, epilepsy, spastic Cerebral Palsy, depression, anxiety and Rheumatoid Arthritis. At all times relevant herein, Jada suffered with these conditions.

2. On August 27, 2019, this Court entered an Order appointing Natalie Briggs (nee' Tyler), (hereinafter "Briggs'') as Co-Guardian of the person of Jada.

3. Defendant, CCPS is a school system operating under the responsibility and supervision of the Chesterfield County School Board, a corporate body and a political subdivision of the Commonwealth of Virginia under the authority of Title 22.2 of the Code of Virginia.

4. Defendant, Anthony McLaurin (hereinafter "McLaurin"), is and was at all times relevant herein, the principal of Thomas Dale High School.

5. Thomas Dale High School (hereinafter "TDHS") is a high school within the Chesterfield County School System under the supervision of CCSB and operates two campuses located at 3626 W. Hundred Road, Chester, Virginia and 3900 W. Hundred Road, Chester, Virginia in Chesterfield County.

6. This Court has personal jurisdiction over Defendants pursuant to Virginia Code Section 8.01-328.1 (1)-(4).

## VENUE

7. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

2

8. At all times relevant to this Complaint, the actions and omissions of the Defendant's occurred in Chesterfield County, Virginia.

9. Venue is proper in this Court pursuant to Virginia Code Section 8.01-262(1) and Virginia Code Section 8.01-262(2).

## FACTS

10. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

11. On November 3, 2022 and November 4, 2022, Jada was a student at TDHS.

12. At all times herein mentioned, Jada's significant intellectual and physical disabilities qualified her for special educational services.

13. Jada was a special needs student (hereinafter "SPED") with an Individualized Educational Plan (hereinafter "IEP") and was largely educated in a self-contained classroom.

14. Jada was transported to and from school on buses operated by CCPS and designated specifically for SPED students.

15. At all times herein mentioned, Jada's mental and physical disabilities required her to be constantly supervised, including while in the care of Chesterfield County school officials.

16. At all times relevant to this Complaint, the Defendant CCPS had a duty to ensure a safe environment for SPED students. Including Jada, and to provide those students with employee supervision that facilitated a safe environment.

17. CCPS has overall responsibility for the hiring, training and supervision of its faculty and staff, including all individually named defendants.

18. At all times relevant to this Complaint, McLaurin was the principal of TDHS in

3

Chesterfield County, Virginia. As principal, McLaurin's duties included ensuring that all students attending TDHS were afforded a safe environment, and that students like Plaintiff Jada who had an IEP received a safe, free and appropriate public education (hereinafter "FAPE").

19. McLaurin was also responsible for supervising school personnel, as well as recommending the hiring and firing of teachers and other school staff who failed to comply with school policies, the U.S. Constitution and the Virginia Constitution regarding ensuring the safety and well-being of the students at TDHS.

20. At all times relevant to this Complaint, John/Jane Doe was an employee of CCPS with the responsibility of transporting SPED students safely to and from TDHS.

21. On November 3, 2022 and November 4, 2022, Jada was sexually assaulted by Sephiroth Jacob Barnes (hereinafter "Barnes"), a male student who also attended TDHS.

22. On November 3, 2022, Jada was standing on the grounds of TDHS, unsupervised when Barnes approached Jada and touched her breasts and vaginal area without her agreement or consent.

23. On November 3, 2022, school officials failed to take steps to ensure that Jada would not be left alone and away from appropriate supervision with other students like Barnes who could harm her.

24. On November 4, 2022, while on the school bus headed to TDHS, Jada was once again left alone and unsupervised when Barnes stuck his hand under Jada's shirt and touched her breasts.

25. At the same time Barnes also stuck his hands in Jada's pants and penetrated Jada's vagina with his fingers and/or an unknown object.

4

26. CCPS failed to provide an aide or proper supervision on the SPED bus when Barnes assaulted Jada for the second time.

27. On January 17, 2023, a grand-jury indicted Barnes on two counts of aggravated sexual battery in violation of §18.2-67.3(2) of the Code of Virginia and inanimate/animate object sexual penetration by force in violation of §18.2-67.2(A,2) for his actions on November 3, 2022 and November 4, 2022.

## COUNT 1 – GROSS NEGLIGENCE

28. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29. At all times herein mentioned, Jada was a SPED student, who required supervision for her care and safety.

30. At all times relevant to this Complaint, Defendants had a duty to use reasonable care and ensure the safety and well-being of Jada and other SPED students at TDHS, and keep them out of harm's way.

31. The Defendants breached this duty of care when they recklessly allowed Jada to be left unsupervised outside of the school and on the school bus, where Barnes was able to sexually assault her on each occasion.

32. At all times herein mentioned, school officials were grossly negligent in failing to recognize the danger to Jada by allowing her to be unsupervised on school grounds and on the SPED school bus.

33. At all times herein mentioned, school officials were grossly negligent in failing to protect Jada from Barnes.

34. The Defendant's conduct and lack of supervision showed such indifference to Jada that it constituted an utter disregard of caution amounting to a complete neglect of her safety

5

and the safety of other students similarly situated.

35. The defendants acted with such indifference that their conduct constituted gross negligence.

36. As a direct and proximate result of the Defendant's gross negligence, Jada was the victim of two sexual assaults and suffered physical injury and mental anguish.

37. At all times herein mentioned, the school officials committed the following acts and omissions: failed to properly supervise Jada, a SPED student with an IEP, failed to properly supervise Barnes when they knew or should have known the danger he posed to students like Jada, failed to prevent the sexual assault of Jada by Barnes on TDHS school grounds, failed to prevent the sexual assault of Jada on the CCPS SPED school bus, and failed to keep Jada safe while on school grounds and on the SPED school bus.

### COUNT 2 – 42 U.S.C. §1983

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. Through their actions and omissions set forth above, and while acting under color of state law, and in their capacity as CCPS employees, the Defendants violated substantive due process rights to bodily integrity guaranteed to Jada by the Fourteenth Amendment to the United States Constitution.

40. Defendants created the danger to Jada by failing to ensure her safety while she was in their control, custody and care.

41. Defendant's failure to supervise Jada left her vulnerable to the sexual assaults she endured.

42. Defendant's aforesaid actions and omissions constitute a willful, wanton, reckless, and conscious disregard of Jada's constitutional rights, by reason of which Plaintiff is entitled to recover punitive damages.

43. Defendant's violations of the Fourteenth Amendment to the U.S. Constitution establish a cause of action, pursuant to 42 U.S.C. § 1983, for monetary relief consisting of compensatory damages and punitive damages, attorneys' fees, and costs to the Plaintiff.

WHEREFORE, the Plaintiff Jada Ann Thornton, by and through her Mother and Next Friend, Natalie Briggs, demands judgment against the Defendants, Chesterfield County Public Schools, Anthony McLaurin, in his official capacity as Principal of TDHS, and John/Jane Doe, Bus Driver, in his/her official capacity as a CCPS employee, jointly and severally, in the amount of $375,000.00, plus interest from November 3, 2022 and costs, and $350,000.00 in punitive damages against Defendants for the state law willful and wanton negligence claims, attorneys' fees (in connection with the applicable federal claim) and grant such other and further relief that the Court may deem appropriate.

**A TRIAL BY JURY IS DEMANDED.**

RESPECTFULLY SUBMITTED,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel
Charlotte P. Hodges, VSB #41547
**B.I.G. Legal Services, PLLC**
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

**VIRGINIA:**

## IN THE CHESTERFIELD COUNTY CIRCUIT COURT

**JADA ANN THORNTON,**
an incapacitated person, by her Mother and
Next Friend, **NATALIE BRIGGS,**

**RECEIVED**

NOV - 8 2024

SUPERINTENDENT'S
OFFICE

                    **Plaintiffs,**

**v.**

**CHESTERFIELD COUNTY PUBLIC SCHOOLS,**
Serve On:  Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair                          **DOCKET NO.:**
9900 Krause Road
Chesterfield, VA 23832

**and**

**ANTHONY MCLAURIN, In His Capacity As**
**Principal of Thomas Dale High School,**
Serve On:
3626 W. Hundred Road
Chester, VA 23831

**and**

**JOHN/JANE DOE, BUS DRIVER, In his/her capacity**
as an employee of Chesterfield County Public Schools

                    **Defendants.**

### INTERROGATORIES

The following Interrogatories are directed to the Defendants, pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia. You are required to answer these Interrogatories in writing, under oath, and to serve a copy of your answers to Charlotte P. Hodges, Esq. at the law office of B.I.G. Legal Services, at P.O. Box 4302, Midlothian, Virginia 23112, within the time prescribed by the Rules.

1

## Definitions and Instructions

(a) These Interrogatories are continuing in nature and should be supplemented as new or updated information and documents are known to be available.

(b) Where the name or identity of a person or entity is requested, please state the full name, home address, and business and home telephone number, if known.

(c) Where the term "business entity" is used, it shall be defined as any form of business enterprise, including, but not limited to, proprietorships, partnerships (general or limited), joint ventures, realty trusts, non-publicly traded corporations and closely-held corporations.

(d) Unless otherwise indicated, these Interrogatories refer to the item, place and circumstances of the subject matter mentioned or complained of in the pleadings.

(e) Where information or knowledge in the possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, the party's attorneys.

(f) The words "you", "your", or "yourself" refer to the party to whom these interrogatories are addressed and the persons mentioned in paragraph E above.

(g) "Document" or "documents" means all written, printed, typed or other graphic matter in your possession, custody or control, whether or not prepared by you and include, but are not limited to, all agreements, memoranda, reports, notes, diaries, calendars, internal communications, interoffice communications, telegrams, letters, data, books, manuals, directives, bulletins, accounts, reports, vouchers, invoices, bills, ledgers, minutes, and summaries of meetings, conversations or communications of any type, including telephone conversations. "Document" or "documents" also include all copies which are not identical with the original.

(h) "Communication" or "communications" means all oral, visual or other sensory means of transmitting information, messages or statements.

(i) Where appropriate, the masculine gender may be substituted for the feminine gender and vice versa, and the singular may be substituted for the plural and vice versa.

2

(j) If additional space is required to fully answer any interrogatory, please continue the answer on a separate sheet of paper labeled as to which Interrogatory the answer is continuing.

## INTERROGATORIES

1.      Identify the person or persons responding to these Interrogatories and Request for Production of Documents on behalf of the Chesterfield County Public Schools.

**ANSWER:**

2.      Identify each person who has provided information in connection with the Answers to these Interrogatories and Request for Production of Documents.

**ANSWER:**

3.      Has the Chesterfield Countyp Public Schools been named as a Defendant in a lawsuit arising from any kind of assault on a student during the ten (10) year period preceding the filing of this lawsuit?  If so, state the court, the caption and the case number for each such lawsuit.

**ANSWER:**

4.      State whether there were any policies, procedures, guidelines, rules or protocols for supervising special needs students on school grounds, during the time period spanning August 1, 2022 through June 30, 2023.  If so, state:

Whether such policies, procedures, opinions, rules or protocols are published and by whom;

The effective date of said policies, procedures, guidelines, rules or protocols;

Which staff members are bound by said policies, procedures, guidelines, rules or protocols; and

Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence.  If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

3

5.    State whether there were any policies, procedures, guidelines, rules or protocols for supervising special needs students on the school bus, during the time period spanning August 1, 2022 through June 30, 2023.  If so, state:

Whether such policies, procedures, opinions, rules or protocols are published and by whom;

The effective date of said policies, procedures, guidelines, rules or protocols;

Which staff members are bound by said policies, procedures, guidelines, rules or protocols; and

Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence.  If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

6.    Identify each employee, agent, or any other person with knowledge of the incidents alleged in the Plaintiff's Complaint, including but not limited to eyewitnesses, and/or people claiming to be eyewitnesses.  For each such individual, identify his or her job title and the job function being performed by that individual on November 3, 2022 and November 4, 2022, as well, a summary of that individual's knowledge.

**ANSWER:**

7.    If anyone investigated this matter on your behalf including, but not limited to, schol administrators or employees, medical experts, private investigators, or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings.  If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**ANSWER:**

4

8.    Identify each person interviewed concerning the incident.  For each such person state the date of the interview, the substance of the interview and if the interview was recorded and/or transcribed.
**ANSWER:**

9.    Identify each written report made by any person concerning the incident.
**ANSWER:**

10.    If you know of the existence of any picture(s), photograph(s), and/or video recordings related to the incidents alleged in the Plaintiff's Complaint on November 3, 2022, identify the substance of such picture(s), photograph(s), and/or video recording and the present custodian of each such item.
**ANSWER:**

11.    If you know of the existence of any picture(s), photograph(s), and/or video recordings related to the incidents alleged in the Plaintiff's Complaint on November 4, 2022, identify the substance of such picture(s), photograph(s), and/or video recording and the present custodian of each such item.
**ANSWER:**

12.    Do you know of any statement, conversation, comment, testimony, or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and custodian of such statement.
**ANSWER:**

13. State the name and specialty of all experts whom you propose to call as witnesses at trial. For each expert, state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

**ANSWER:**

**RESPECTFULLY SUBMITTED**,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And Next Friend, NATALIE BRIGGS

By Counsel
Charlotte P. Hodges, VSB #41547
***B.I.G. Legal Services, PLLC***
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this __4th__ day of __November, 2024__ , a true copy of the foregoing Interrogatories was mailed, postage prepaid, first class, to the following:

**CHESTERFIED COUNTY SCHOOL BOARD,**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Anthony McLaurin, Principal**
**Thomas Dale High School**
**3626 W. Hundred Road**
**Chester, VA 23831**

Charlotte P. Hodges

6

**VIRGINIA:**

## IN THE CHESTERFIELD COUNTY CIRCUIT COURT

**JADA ANN THORNTON,**
an incapacitated person, by her Mother and
Next Friend, **NATALIE BRIGGS,**

**Plaintiffs,**

v.

**CHESTERFIELD COUNTY PUBLIC SCHOOLS,**
Serve On: **Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

Serve On: **Chesterfield County School Board**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**and**

**ANTHONY MCLAURIN, In His Capacity As**
**Principal of Thomas Dale High School,**
**Serve On:**
**3626 W. Hundred Road**
**Chester, VA 23831**

**and**

**JOHN/JANE DOE, BUS DRIVER, In his/her capacity**
**as an employee of Chesterfield County Public Schools**

**Defendants.**

**RECEIVED**

**NOV – 8 2024**

**SUPERINTENDENT'S**
**OFFICE**

DOCKET NO.:

## REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie Briggs, by counsel, pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, requesting the Defendants, to produce the following documents, and to serve your responses to Charlotte P. Hodges, Esq. at the law office of B.I.G. Legal Services, at P.O. Box 4302, Midlothian, Virginia 23112, within the time prescribed by the Rules.

## Definitions and Instructions

(a) This Request for Production of Documents is continuing in nature so as to require you to file supplemental documents if you obtain further documents before trial.

(b) In producing documents requested herein, you shall produce documents in full, without abridgements, abbreviation or expurgation of any sort.

(c) "You" refers to the party to whom this Request for Production is addressed and such party's agents, representatives, and, unless privileged, his/her attorneys.

(d) "Document" or "documents" means any written, typed, recorded, printed, photocopied or graphic matter however produced or reproduced, or any other tangible record, including but not limited to any paper, letter, telex, telecopy, telegram, correspondence, records or minutes of conferences, meetings and conversations, testimony, memoranda, handwritten notes, summaries, telephone logs, messages, calendars, appointment books, ledgers, desk pads, diaries, agenda, schedules, charts, interoffice communications, microfilm, computer or other business machine record lists, bulletins, minutes, journals, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices, reports, analyses, appraisals, worksheets, drawings, entries in books of account, bank checks, bank deposits, bank withdrawals, bank credit and debit memoranda, confirmation slips, circulars, brochures, advertisements, financial statements, financial projections, financial calculations, financial tabulations, quotations, prospectuses, contracts, agreements, deeds, leases, binders, records or recordings of oral conversations, and other data compilations and graphic material from which information can be obtained, translated, read or transformed through various means into reasonably useable form, including computer disks or hard drives, together with any attachments and annotations thereto and thereon, and any and all non-identical copies and drafts of such matter and shall include every document to you, your agents, representatives or other persons acting, or who have acted on your behalf.

(e) If it is impossible to provide copies on paper of materials saved on a personal or business computer hard drive, copies of the data shall be provided on usb drives; or, if the data is likewise unable to be copied to a usb drive, the requesting attorney or his/her designated agent shall be given access to the computer in question to view the data *in situ*.

(f) If any Request for Production of Documents request information that is withheld under claim of privilege or other claim of immunity from disclosure, or that has been destroyed, placed beyond your control, or otherwise disposed of/each such document shall be identified by:

(g)

    i.      Author(s);

    ii.     Addressee(s);

    iii.    Date;

    iv.    Type of document;

    v.     Subject matter;

    vi.    Number of pages;

vii.    Number of attachments or appendices;
viii.   Indicated or blind copies;
ix.    All persons to whom distributed, shown or explained;
x.    Date of destruction or other disposition;
xi.    Reason for destruction or other disposition;
xii.    Persons authorizing destruction or other disposition;
xiii.   Persons destroying or otherwise disposing of document;
xiv.   If not destroyed, person in possession of document otherwise disposed of; and
xv.    What immunity or privilege is claimed.

(h) Any documents produced which reflect conversations, shall be further identified by:
i.    participants and witnesses;
ii.    date and time of conversation;
iii.   location; and
iv.   method (by telephone, in person).

(i) "The trial of this case" means the evidentiary hearing by a Commissioner or Court, any preliminary hearing before the Commissioner or Court, or any other formal proceedings where evidence pertinent to this case is expected to be introduced.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All reports prepared by any experts expected to testify on behalf of the Defendant(s) at the trial in this matter and all documents used by said experts in forming their opinions, whether such experts are medical, therapeutic, economic, or otherwise.
**RESPONSE:**

2.    All documents, including, but not limited to, all policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material identified in Interrogatories Nos. 4 and 5.
**RESPONSE:**

3.    Copies of all documents, records and/or writings made in the ordinary course of business concerning the assault of the Plaintiff on November 3, 2022.
**RESPONSE:**

4.    Copies of all documents, records and/or writings made in the ordinary course of business concerning the assault of the Plaintiff on November 4, 2022.
**RESPONSE:**

5.      All of the Plaintiff's medical records, medical bills, and other medical documentation of any kind and bills obtained or received from sources other than Plaintiff or Plaintiff's counsel, whether by subpoena or otherwise.
**RESPONSE:**

6.      All written reports identified in your Answers to Interrogatories.
**RESPONSE:**

7.      All documents concerning any releases, settlement or other agreement, formal or informal, pursuant to which liability of any person for any injury or damage arising out of the incidents alleged in the Plaintiff's Complaint, has been limited, reduced, or released in any manner.
**RESPONSE:**

8.      All documents, transcripts, tape recordings, or recordings of any kind relating to statements given by Plaintiff and/or her representative(s), agent(s) or parent(s), concerning the incidents alleged in her Complaint.
**RESPONSE:**

9.      All photographs taken by you or any person on your behalf, of the Plaintiff and/or locations mentioned in her Complaint, related to her assault on November 3, 2022.
**RESPONSE:**

10.     All photographs taken by you or any person on your behalf, of the Plaintiff and/or locations mentioned in her Complaint, related to her assault on November 4, 2022.
**RESPONSE:**

11.     All written or recorded statements of the Defendants, or of any agent, representative or employee of the Defendant, concerning the subject matter of this action.
**RESPONSE:**

12.     All written or recorded statements made by Sephiroth Jacob Barnes, and/or his representative(s), agent(s) or parent(s), concerning the subject matter of this action.
**RESPONSE:**

13.     All video or audio recordings showing the locations of the incidents involving Plaintiff and Sephiroth Jacob Barnes on November 3, 2022 and November 4, 2022.

**RESPONSE:**

14.    All documents, not previously requested, that are referred to in your Answers to
Interrogatories.
**RESPONSE:**


RESPECTFULLY SUBMITTED,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel
Charlotte P. Hodges, VSB #41547
***B.I.G. Legal Services, PLLC***
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this ___4th___ day of ___November, 2024___, a true copy of the foregoing Request for Production of Documents was mailed, postage prepaid, first class, to the following:

CHESTERFIED COUNTY SCHOOL BOARD,
Dot Heffron, Chair
9900 Krause Road
Chesterfield, VA 23832

Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Anthony McLaurin, Principal
Thomas Dale High School
3626 W. Hundred Road
Chester, VA 23831

Charlotte P. Hodges

VIRGINIA:

IN THE CHESTERFIELD COUNTY CIRCUIT COURT

JADA ANN THORNTON,
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

                              **Plaintiffs,**                     **RECEIVED**

v.

                                              **NOV - 8 2024**

CHESTERFIELD COUNTY PUBLIC SCHOOLS,
Serve On:  Dr. John T. Murray, Acting Superintendent       **SUPERINTENDENT'S**
9900 Krause Road                                **OFFICE**
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair                              **DOCKET NO.:**
9900 Krause Road
Chesterfield, VA 23832

and

ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools

                              **Defendants.**

## REQUESTS FOR ADMISSION

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie Briggs, by counsel, pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, and requests the Defendants make the following admissions for the purpose of this pending action only.

1

## Definitions and Instructions

(a) "Plaintiff" shall mean Jada Ann Thornton.

(b) "Defendant", "Defendants", "You", and "Your" shall mean Chesterfield County School Board, Chesterfield County Public Schools, and/or Anthony McLaurin, Principal.

(c) "Subject Matter", "Incident", and "Occurrence" shall mean and refers to the assaults on November 3, 2022 and November 4, 2022 that are described in Plaintiff's Complaint upon which this suit is founded.

(d) "All times relevant' shall mean and refers to November 3, 2022 and November 4, 2022.

(e) If you deny any one of the following, you are to state with particularity the basis for said denial and attach to your denial any supporting documentation

## REQUEST FOR ADMISSIONS

1.    There is no evidence to support the affirmative defense that the Plaintiff assumed the risks of her injuries.
**RESPONSE:**

2.    There is no evidence to support the affirmative defense that the Plaintiff was contributorily negligent, or that she failed to mitigate her damages.
**RESPONSE:**

3.    There is no evidence to support the affirmative defense that the Plaintiff's case fails to state a claim upon which relief can be granted.
**RESPONSE:**

4.    At all times relevant, the Defendant, Chesterfield County Public Schools (hereinafter "CCPS") was operated under the supervision of the Chesterfield County School Board.
**RESPONSE:**

5.    At all times relevant, the Defendant, Chesterfield County Public Schools (hereinafter "CCPS") was the public school system of Chesterfield County.
**RESPONSE:**

6.    At all times relevant, the Chesterfield County School Board was vested with the responsibility for supervision of the approximately 68 schools, 4,500 staff members and 64,000 thousand students within the CCPS school system.
**RESPONSE:**

2

7.    At all times relevant, Thomas Dale High School (hereinafter "TDHS"), was a part of the Chesterfield County Public School system.
**RESPONSE:**

8.    At all times relevant, Defendant, Anthony McLaurin (hereinafter "McLaurin"), was the principal of Thomas Dale High School and was responsible for the students and staff of TDHS.
**RESPONSE:**

9.    At all times relevant, Defendant John/Jane Doe, Bus Driver was an employee of CCPS.
**RESPONSE:**

10.    On November 3, 2022, Plaintiff was a student enrolled at and attending TDHS.
**RESPONSE:**

11.    On November 4, 2022, Plaintiff was a student enrolled at and attending TDHS.
**RESPONSE:**

12.    At all times relevant, Plaintiff had significant intellectual disabilities which qualified her for special education services at TDHS.
**RESPONSE:**

13.    At all times relevant, Plaintiff was transported to and from school on vehicles operated under the authority of Chesterfield County Public Schools and designated for special needs students.
**RESPONSE:**

14.    At all times relevant, Plaintiff's intellectual disabilities required her to be constantly supervised.
**RESPONSE:**

15.    At all times relevant, Sephiroth Jacob Barnes, was a student enrolled at and attending TDHS.
**RESPONSE:**

16.    On November 3, 2022, the Plaintiff was left unsupervised outside of the school building on the grounds of TDHS. There was no teacher, administrator or other responsible adult within seeing or hearing distance of Plaintiff.
**RESPONSE:**

3

17. On November 3, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff when he touched her breasts and vaginal area without her permission or consent.
**RESPONSE:**

18. On November 4, 2022, the Plaintiff and Sephiroth Jacob Barnes were transported on the same school bus designated for special needs students.
**RESPONSE:**

19. On November 4, 2022, there was no aid on the school bus to supervise and/or assist with the special needs students, including the Plaintiff and Sephiroth Jacob Barnes.
**RESPONSE:**

20. On November 4, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff when he touched the Plaintiff's breasts without her permission or consent.
**RESPONSE:**

21. On November 4, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff by penetrating her vagina with his fingers without her permission or consent.
**RESPONSE:**

22. On January 17, 2023, Sephiroth Jacob Barnes was indicted by a grand jury in Chesterfield County for aggravated sexual battery against the Plaintiff on November 3, 2022.
**RESPONSE:**

23. On January 17, 2023, Sephiroth Jacob Barnes was indicted by a grand jury in Chesterfield County for aggravated sexual battery and object sexual penetration of the Plaintiff on November 4, 2022.
**RESPONSE:**

24. At all times relevant, school officials had a duty to protect the Plaintiff from sexual assault while she was on school grounds.
**RESPONSE:**

25. At all times relevant, school officials had a duty to protect the Plaintiff from sexual assault while she was being transported on the special needs school bus.
**RESPONSE:**

RESPECTFULLY SUBMITTED,

JADA ANN THORNTON,
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel
Charlotte P. Hodges, VSB #41547
**B.I.G. Legal Services, PLLC**
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this _4th_ day, _November, 2024_, a true copy of the foregoing Request for Admissions was mailed, postage prepaid, first class, to the following:

**CHESTERFIED COUNTY SCHOOL BOARD,**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Anthony McLaurin, Principal**
**Thomas Dale High School**
**3626 W. Hundred Road**
**Chester, VA 23831**

Charlotte P. Hodges

5

# COMMONWEALTH OF VIRGINIA



CHESTERFIELD COUNTY CIRCUIT CO
Civil Division
9500 COURTHOUSE ROAD
CHESTERFIELD  VA  23832-0909

**RECEIVED**

**NOV 1 2 2024**

Chesterfield County
Attorney's Office

Summons

To: CHESTERFIELD COUNTY SCHOOL BOARD
DOT HEFFRON
CHAIR
9900 KRAUSE ROAD
CHESTERFIELD VA 23832

Case No. 041CL24004319-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, November 04, 2024

Clerk of Court:  AMANDA L POHL

by _____
(CLERK/DEPUTY CLERK )

Instructions:    REQUEST FOR ADMISSION

**RECEIVED**

Hearing Official:

**NOV - 8 2024**

SUPERINTENDENT'S
OFFICE

Attorney's name:    HODGES, CHARLOTTE P; ESQ

VIRGINIA:

### IN THE CHESTERFIELD COUNTY CIRCUIT COURT

JADA ANN THORNTON,
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

                         Plaintiffs,

v.

CHESTERFIELD COUNTY PUBLIC SCHOOLS,
Serve On: Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair
9900 Krause Road
Chesterfield, VA 23832

and

ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools

                         Defendants.

**RECEIVED**

NOV – 8 2024

SUPERINTENDENT'S
OFFICE

DOCKET NO.:

**RECEIVED**

NOV 1 2 2024

Chesterfield County
Attorney's Office

### COMPLAINT

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie Briggs, by counsel, and respectfully moves this Honorable Court for judgment Against the Defendants, Chesterfield County Public Schools (hereinafter "CCPS"), Anthony McLaurin (hereinafter "McLaurin"), in his capacity as Principal of Thomas Dale High School (hereinafter "TDHS), and John/Jane Doe, Bus Driver, in his/her capacity as an employee of CCPS, jointly

1

and severally, in the amount of $375,000.00 together with costs of this action, and pre-judgment and post-judgment interest from November 3, 2022, on the grounds set forth below:

## PARTIES

1. Plaintiff, Jada Ann Thornton (hereinafter "Jada"), is a 22-year-old incapacitated adult, who has been diagnosed with Autism Spectrum Disorder, epilepsy, spastic Cerebral Palsy, depression, anxiety and Rheumatoid Arthritis. At all times relevant herein, Jada suffered with these conditions.

2. On August 27, 2019, this Court entered an Order appointing Natalie Briggs (nee' Tyler), (hereinafter "Briggs") as Co-Guardian of the person of Jada.

3. Defendant, CCPS is a school system operating under the responsibility and supervision of the Chesterfield County School Board, a corporate body and a political subdivision of the Commonwealth of Virginia under the authority of Title 22.2 of the Code of Virginia.

4. Defendant, Anthony McLaurin (hereinafter "McLaurin"), is and was at all times relevant herein, the principal of Thomas Dale High School.

5. Thomas Dale High School (hereinafter "TDHS") is a high school within the Chesterfield County School System under the supervision of CCSB and operates two campuses located at 3626 W. Hundred Road, Chester, Virginia and 3900 W. Hundred Road, Chester, Virginia in Chesterfield County.

6. This Court has personal jurisdiction over Defendants pursuant to Virginia Code Section 8.01-328.1 (1)-(4).

## VENUE

7. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

2

8. At all times relevant to this Complaint, the actions and omissions of the Defendant's occurred in Chesterfield County, Virginia.

9. Venue is proper in this Court pursuant to Virginia Code Section 8.01-262(1) and Virginia Code Section 8.01-262(2).

## FACTS

10. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

11. On November 3, 2022 and November 4, 2022, Jada was a student at TDHS.

12. At all times herein mentioned, Jada's significant intellectual and physical disabilities qualified her for special educational services.

13. Jada was a special needs student (hereinafter "SPED") with an Individualized Educational Plan (hereinafter "IEP") and was largely educated in a self-contained classroom.

14. Jada was transported to and from school on buses operated by CCPS and designated specifically for SPED students.

15. At all times herein mentioned, Jada's mental and physical disabilities required her to be constantly supervised, including while in the care of Chesterfield County school officials.

16. At all times relevant to this Complaint, the Defendant CCPS had a duty to ensure a safe environment for SPED students. Including Jada, and to provide those students with employee supervision that facilitated a safe environment.

17. CCPS has overall responsibility for the hiring, training and supervision of its faculty and staff, including all individually named defendants.

18. At all times relevant to this Complaint, McLaurin was the principal of TDHS in

3

Chesterfield County, Virginia. As principal, McLaurin's duties included ensuring that all students attending TDHS were afforded a safe environment, and that students like Plaintiff Jada who had an IEP received a safe, free and appropriate public education (hereinafter "FAPE").

19. McLaurin was also responsible for supervising school personnel, as well as recommending the hiring and firing of teachers and other school staff who failed to comply with school policies, the U.S. Constitution and the Virginia Constitution regarding ensuring the safety and well-being of the students at TDHS.

20. At all times relevant to this Complaint, John/Jane Doe was an employee of CCPS with the responsibility of transporting SPED students safely to and from TDHS.

21. On November 3, 2022 and November 4, 2022, Jada was sexually assaulted by Sephiroth Jacob Barnes (hereinafter "Barnes"), a male student who also attended TDHS.

22. On November 3, 2022, Jada was standing on the grounds of TDHS, unsupervised when Barnes approached Jada and touched her breasts and vaginal area without her agreement or consent.

23. On November 3, 2022, school officials failed to take steps to ensure that Jada would not be left alone and away from appropriate supervision with other students like Barnes who could harm her.

24. On November 4, 2022, while on the school bus headed to TDHS, Jada was once again left alone and unsupervised when Barnes stuck his hand under Jada's shirt and touched her breasts.

25. At the same time Barnes also stuck his hands in Jada's pants and penetrated Jada's vagina with his fingers and/or an unknown object.

4

26. CCPS failed to provide an aide or proper supervision on the SPED bus when Barnes assaulted Jada for the second time.

27. On January 17, 2023, a grand-jury indicted Barnes on two counts of aggravated sexual battery in violation of §18.2-67.3(2) of the Code of Virginia and inanimate/animate object sexual penetration by force in violation of §18.2-67.2(A,2) for his actions on November 3, 2022 and November 4, 2022.

## COUNT 1 – GROSS NEGLIGENCE

28. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29. At all times herein mentioned, Jada was a SPED student, who required supervision for her care and safety.

30. At all times relevant to this Complaint, Defendants had a duty to use reasonable care and ensure the safety and well-being of Jada and other SPED students at TDHS, and keep them out of harm's way.

31. The Defendants breached this duty of care when they recklessly allowed Jada to be left unsupervised outside of the school and on the school bus, where Barnes was able to sexually assault her on each occasion.

32. At all times herein mentioned, school officials were grossly negligent in failing to recognize the danger to Jada by allowing her to be unsupervised on school grounds and on the SPED school bus.

33. At all times herein mentioned, school officials were grossly negligent in failing to protect Jada from Barnes.

34. The Defendant's conduct and lack of supervision showed such indifference to Jada that it constituted an utter disregard of caution amounting to a complete neglect of her safety

5

and the safety of other students similarly situated.

35. The defendants acted with such indifference that their conduct constituted gross negligence.

36. As a direct and proximate result of the Defendant's gross negligence, Jada was the victim of two sexual assaults and suffered physical injury and mental anguish.

37. At all times herein mentioned, the school officials committed the following acts and omissions: failed to properly supervise Jada, a SPED student with an IEP, failed to properly supervise Barnes when they knew or should have known the danger he posed to students like Jada, failed to prevent the sexual assault of Jada by Barnes on TDHS school grounds, failed to prevent the sexual assault of Jada on the CCPS SPED school bus, and failed to keep Jada safe while on school grounds and on the SPED school bus.

## COUNT 2 – 42 U.S.C. §1983

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. Through their actions and omissions set forth above, and while acting under color of state law, and in their capacity as CCPS employees, the Defendants violated substantive due process rights to bodily integrity guaranteed to Jada by the Fourteenth Amendment to the United States Constitution.

40. Defendants created the danger to Jada by failing to ensure her safety while she was in their control, custody and care.

41. Defendant's failure to supervise Jada left her vulnerable to the sexual assaults she endured.

42. Defendant's aforesaid actions and omissions constitute a willful, wanton, reckless, and conscious disregard of Jada's constitutional rights, by reason of which Plaintiff is entitled to recover punitive damages.

6

43. Defendant's violations of the Fourteenth Amendment to the U.S. Constitution establish a cause of action, pursuant to 42 U.S.C. § 1983, for monetary relief consisting of compensatory damages and punitive damages, attorneys' fees, and costs to the Plaintiff.

WHEREFORE, the Plaintiff Jada Ann Thornton, by and through her Mother and Next Friend, Natalie Briggs, demands judgment against the Defendants, Chesterfield County Public Schools, Anthony McLaurin, in his official capacity as Principal of TDHS, and John/Jane Doe, Bus Driver, in his/her official capacity as a CCPS employee, jointly and severally, in the amount of $375,000.00, plus interest from November 3, 2022 and costs, and $350,000.00 in punitive damages against Defendants for the state law willful and wanton negligence claims, attorneys' fees (in connection with the applicable federal claim) and grant such other and further relief that the Court may deem appropriate.

**A TRIAL BY JURY IS DEMANDED.**

RESPECTFULLY SUBMITTED,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel _____
Charlotte P. Hodges, VSB #41547
***B.I.G. Legal Services, PLLC***
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

8

**VIRGINIA:**

### IN THE CHESTERFIELD COUNTY CIRCUIT COURT

**JADA ANN THORNTON,**
an incapacitated person, by her Mother and
Next Friend, **NATALIE BRIGGS,**

**RECEIVED**

**Plaintiffs,**

v.

NOV - 8 2024

**CHESTERFIELD COUNTY PUBLIC SCHOOLS,**
Serve On:  Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

**SUPERINTENDENT'S
OFFICE**

Serve On: Chesterfield County School Board
Dot Heffron, Chair
9900 Krause Road
Chesterfield, VA 23832

**DOCKET NO.:**

and

**ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,**
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

**JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools**

**Defendants.**

### INTERROGATORIES

The following Interrogatories are directed to the Defendants, pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia.  You are required to answer these Interrogatories in writing, under oath, and to serve a copy of your answers to Charlotte P. Hodges, Esq. at the law office of B.I.G. Legal Services, at P.O. Box 4302, Midlothian, Virginia 23112, within the time prescribed by the Rules.

1

## Definitions and Instructions

(a) These Interrogatories are continuing in nature and should be supplemented as new or updated information and documents are known to be available.

(b) Where the name or identity of a person or entity is requested, please state the full name, home address, and business and home telephone number, if known.

(c) Where the term "business entity" is used, it shall be defined as any form of business enterprise, including, but not limited to, proprietorships, partnerships (general or limited), joint ventures, realty trusts, non-publicly traded corporations and closely-held corporations.

(d) Unless otherwise indicated, these Interrogatories refer to the item, place and circumstances of the subject matter mentioned or complained of in the pleadings.

(e) Where information or knowledge in the possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, the party's attorneys.

(f) The words "you", "your", or "yourself" refer to the party to whom these interrogatories are addressed and the persons mentioned in paragraph E above.

(g) "Document" or "documents" means all written, printed, typed or other graphic matter in your possession, custody or control, whether or not prepared by you and include, but are not limited to, all agreements, memoranda, reports, notes, diaries, calendars, internal communications, interoffice communications, telegrams, letters, data, books, manuals, directives, bulletins, accounts, reports, vouchers, invoices, bills, ledgers, minutes, and summaries of meetings, conversations or communications of any type, including telephone conversations. "Document" or "documents" also include all copies which are not identical with the original.

(h) "Communication" or "communications" means all oral, visual or other sensory means of transmitting information, messages or statements.

(i) Where appropriate, the masculine gender may be substituted for the feminine gender and vice versa, and the singular may be substituted for the plural and vice versa.

2

(j) If additional space is required to fully answer any interrogatory, please continue the answer on a separate sheet of paper labeled as to which Interrogatory the answer is continuing.

## INTERROGATORIES

1.    Identify the person or persons responding to these Interrogatories and Request for Production of Documents on behalf of the Chesterfield County Public Schools.

**ANSWER:**

2.    Identify each person who has provided information in connection with the Answers to these Interrogatories and Request for Production of Documents.

**ANSWER:**

3.    Has the Chesterfield Countyp Public Schools been named as a Defendant in a lawsuit arising from any kind of assault on a student during the ten (10) year period preceding the filing of this lawsuit?  If so, state the court, the caption and the case number for each such lawsuit.
**ANSWER:**

4.    State whether there were any policies, procedures, guidelines, rules or protocols for supervising special needs students on school grounds, during the time period spanning August 1, 2022 through June 30, 2023.  If so, state:

Whether such policies, procedures, opinions, rules or protocols are published and by whom;

The effective date of said policies, procedures, guidelines, rules or protocols;

Which staff members are bound by said policies, procedures, guidelines, rules or protocols; and

Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence.  If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

3

5.      State whether there were any policies, procedures, guidelines, rules or protocols for supervising special needs students on the school bus, during the time period spanning August 1, 2022 through June 30, 2023.  If so, state:

Whether such policies, procedures, opinions, rules or protocols are published and by whom;

The effective date of said policies, procedures, guidelines, rules or protocols;

Which staff members are bound by said policies, procedures, guidelines, rules or protocols; and

Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence.  If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

6.      Identify each employee, agent, or any other person with knowledge of the incidents alleged in the Plaintiff's Complaint, including but not limited to eyewitnesses, and/or people claiming to be eyewitnesses.  For each such individual, identify his or her job title and the job function being performed by that individual on November 3, 2022 and November 4, 2022, as well, a summary of that individual's knowledge.

**ANSWER:**

7.      If anyone investigated this matter on your behalf including, but not limited to, schol administrators or employees, medical experts, private investigators, or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings.  If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**ANSWER:**

4

8.    Identify each person interviewed concerning the incident. For each such person state the date of the interview, the substance of the interview and if the interview was recorded and/or transcribed.

**ANSWER:**

9.    Identify each written report made by any person concerning the incident.

**ANSWER:**

10.    If you know of the existence of any picture(s), photograph(s), and/or video recordings related to the incidents alleged in the Plaintiff's Complaint on November 3, 2022, identify the substance of such picture(s), photograph(s), and/or video recording and the present custodian of each such item.

**ANSWER:**

11.    If you know of the existence of any picture(s), photograph(s), and/or video recordings related to the incidents alleged in the Plaintiff's Complaint on November 4, 2022, identify the substance of such picture(s), photograph(s), and/or video recording and the present custodian of each such item.

**ANSWER:**

12.    Do you know of any statement, conversation, comment, testimony, or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and custodian of such statement.

**ANSWER:**

5

13.   State the name and specialty of all experts whom you propose to call as witnesses at trial. For each expert, state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

**ANSWER:**

RESPECTFULLY SUBMITTED,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel
Charlotte P. Hodges, VSB #41547
***B.I.G. Legal Services, PLLC***
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2024, a true copy of the foregoing Interrogatories was mailed, postage prepaid, first class, to the following:

**CHESTERFIED COUNTY SCHOOL BOARD,**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

Anthony McLaurin, Principal
Thomas Dale High School
3626 W. Hundred Road
Chester, VA 23831

Charlotte P. Hodges

6

**VIRGINIA:**

### IN THE CHESTERFIELD COUNTY CIRCUIT COURT

**JADA ANN THORNTON,**
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

|                       Plaintiffs,

v.

**CHESTERFIELD COUNTY PUBLIC SCHOOLS,**
Serve On:  Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair
9900 Krause Road
Chesterfield, VA 23832

and

**ANTHONY MCLAURIN, In His Capacity As**
**Principal of Thomas Dale High School,**
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

**JOHN/JANE DOE, BUS DRIVER, In his/her capacity**
as an employee of Chesterfield County Public Schools

|                       Defendants.

**RECEIVED**

**NOV − 8 2024**

**SUPERINTENDENT'S**
**OFFICE**

DOCKET NO.:

### REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie Briggs, by counsel, pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, requesting the Defendants, to produce the following documents, and to serve your responses to Charlotte P. Hodges, Esq. at the law office of B.I.G. Legal Services, at P.O. Box 4302, Midlothian, Virginia 23112, within the time prescribed by the Rules.

## Definitions and Instructions

(a) This Request for Production of Documents is continuing in nature so as to require you to file supplemental documents if you obtain further documents before trial.

(b) In producing documents requested herein, you shall produce documents in full, without abridgements, abbreviation or expurgation of any sort.

(c) "You" refers to the party to whom this Request for Production is addressed and such party's agents, representatives, and, unless privileged, his/her attorneys.

(d) "Document" or "documents" means any written, typed, recorded, printed, photocopied or graphic matter however produced or reproduced, or any other tangible record, including but not limited to any paper, letter, telex, telecopy, telegram, correspondence, records or minutes of conferences, meetings and conversations, testimony, memoranda, handwritten notes, summaries, telephone logs, messages, calendars, appointment books, ledgers, desk pads, diaries, agenda, schedules, charts, interoffice communications, microfilm, computer or other business machine record lists, bulletins, minutes, journals, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices, reports, analyses, appraisals, worksheets, drawings, entries in books of account, bank checks, bank deposits, bank withdrawals, bank credit and debit memoranda, confirmation slips, circulars, brochures, advertisements, financial statements, financial projections, financial calculations, financial tabulations, quotations, prospectuses, contracts, agreements, deeds, leases, binders, records or recordings of oral conversations, and other data compilations and graphic material from which information can be obtained, translated, read or transformed through various means into reasonably useable form, including computer disks or hard drives, together with any attachments and annotations thereto and thereon, and any and all non-identical copies and drafts of such matter and shall include every document to you, your agents, representatives or other persons acting, or who have acted on your behalf.

(e) If it is impossible to provide copies on paper of materials saved on a personal or business computer hard drive, copies of the data shall be provided on usb drives; or, if the data is likewise unable to be copied to a usb drive, the requesting attorney or his/her designated agent shall be given access to the computer in question to view the data *in situ*.

(f) If any Request for Production of Documents request information that is withheld under claim of privilege or other claim of immunity from disclosure, or that has been destroyed, placed beyond your control, or otherwise disposed of/each such document shall be identified by:

(g)

    i.      Author(s);

    ii.     Addressee(s);

    iii.    Date;

    iv.    Type of document;

    v.     Subject matter;

    vi.    Number of pages;

  vii.  Number of attachments or appendices;
  viii.  Indicated or blind copies;
  ix.  All persons to whom distributed, shown or explained;
  x.  Date of destruction or other disposition;
  xi.  Reason for destruction or other disposition;
  xii.  Persons authorizing destruction or other disposition;
  xiii.  Persons destroying or otherwise disposing of document;
  xiv.  If not destroyed, person in possession of document otherwise disposed of; and
  xv.  What immunity or privilege is claimed.

(h) Any documents produced which reflect conversations, shall be further identified by:
  i.  participants and witnesses;
  ii.  date and time of conversation;
  iii.  location; and
  iv.  method (by telephone, in person).

(i) "The trial of this case" means the evidentiary hearing by a Commissioner or Court, any preliminary hearing before the Commissioner or Court, or any other formal proceedings where evidence pertinent to this case is expected to be introduced.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  All reports prepared by any experts expected to testify on behalf of the Defendant(s) at the trial in this matter and all documents used by said experts in forming their opinions, whether such experts are medical, therapeutic, economic, or otherwise.
**RESPONSE:**

2.  All documents, including, but not limited to, all policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material identified in Interrogatories Nos. 4 and 5.
**RESPONSE:**

3.  Copies of all documents, records and/or writings made in the ordinary course of business concerning the assault of the Plaintiff on November 3, 2022.
**RESPONSE:**

4.  Copies of all documents, records and/or writings made in the ordinary course of business concerning the assault of the Plaintiff on November 4, 2022.
**RESPONSE:**

5.    All of the Plaintiff's medical records, medical bills, and other medical documentation of any kind and bills obtained or received from sources other than Plaintiff or Plaintiff's counsel, whether by subpoena or otherwise.
**RESPONSE:**

6.    All written reports identified in your Answers to Interrogatories.
**RESPONSE:**

7.    All documents concerning any releases, settlement or other agreement, formal or informal, pursuant to which liability of any person for any injury or damage arising out of the incidents alleged in the Plaintiff's Complaint, has been limited, reduced, or released in any manner.
**RESPONSE:**

8.    All documents, transcripts, tape recordings, or recordings of any kind relating to statements given by Plaintiff and/or her representative(s), agent(s) or parent(s), concerning the incidents alleged in her Complaint.
**RESPONSE:**

9.    All photographs taken by you or any person on your behalf, of the Plaintiff and/or locations mentioned in her Complaint, related to her assault on November 3, 2022.
**RESPONSE:**

10.    All photographs taken by you or any person on your behalf, of the Plaintiff and/or locations mentioned in her Complaint, related to her assault on November 4, 2022.
**RESPONSE:**

11.    All written or recorded statements of the Defendants, or of any agent, representative or employee of the Defendant, concerning the subject matter of this action.
**RESPONSE:**

12.    All written or recorded statements made by Sephiroth Jacob Barnes, and/or his representative(s), agent(s) or parent(s), concerning the subject matter of this action.
**RESPONSE:**

13.    All video or audio recordings showing the locations of the incidents involving Plaintiff and Sephiroth Jacob Barnes on November 3, 2022 and November 4, 2022.

**RESPONSE:**

14.    All documents, not previously requested, that are referred to in your Answers to Interrogatories.
**RESPONSE:**


                                        **RESPECTFULLY SUBMITTED**,

                                        **JADA ANN THORNTON,**
                                        An Incapacitated Person, By Her Mother And
                                        Next Friend, NATALIE BRIGGS

                                        By Counsel
                                        Charlotte P. Hodges, VSB #41547
                                        *B.I.G. Legal Services, PLLC*
                                        P.O. Box 4302
                                        Midlothian, VA 23112
                                        804-442-3535 (office)
                                        804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this _4th_ day of _November, 2024_ , a true copy of the foregoing Request for Production of Documents was mailed, postage prepaid, first class, to the following:

**CHESTERFIED COUNTY SCHOOL BOARD,**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Anthony McLaurin, Principal**
**Thomas Dale High School**
**3626 W. Hundred Road**
**Chester, VA 23831**

Charlotte P. Hodges

**VIRGINIA:**

### IN THE CHESTERFIELD COUNTY CIRCUIT COURT

JADA ANN THORNTON,
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

                        **Plaintiffs,**

v.

CHESTERFIELD COUNTY PUBLIC SCHOOLS,
Serve On:  Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair
9900 Krause Road
Chesterfield, VA 23832

and

ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools

                        **Defendants.**

RECEIVED

NOV - 8 2024

SUPERINTENDENT'S
OFFICE

DOCKET NO.:

### REQUESTS FOR ADMISSION

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie Briggs, by counsel, pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, and requests the Defendants make the following admissions for the purpose of this pending action only.

1

## Definitions and Instructions

(a) "Plaintiff" shall mean Jada Ann Thornton.

(b) "Defendant", "Defendants", "You", and "Your" shall mean Chesterfield County School Board, Chesterfield County Public Schools, and/or Anthony McLaurin, Principal.

(c) "Subject Matter", "Incident", and "Occurrence" shall mean and refers to the assaults on November 3, 2022 and November 4, 2022 that are described in Plaintiff's Complaint upon which this suit is founded.

(d) "All times relevant' shall mean and refers to November 3, 2022 and November 4, 2022.

(e) If you deny any one of the following, you are to state with particularity the basis for said denial and attach to your denial any supporting documentation

## REQUEST FOR ADMISSIONS

1.    There is no evidence to support the affirmative defense that the Plaintiff assumed the risks of her injuries.
**RESPONSE:**


2.    There is no evidence to support the affirmative defense that the Plaintiff was contributorily negligent, or that she failed to mitigate her damages.
**RESPONSE:**


3.    There is no evidence to support the affirmative defense that the Plaintiff's case fails to state a claim upon which relief can be granted.
**RESPONSE:**


4.    At all times relevant, the Defendant, Chesterfield County Public Schools (hereinafter "CCPS") was operated under the supervision of the Chesterfield County School Board.
**RESPONSE:**

5.    At all times relevant, the Defendant, Chesterfield County Public Schools (hereinafter "CCPS") was the public school system of Chesterfield County.
**RESPONSE:**

6.    At all times relevant, the Chesterfield County School Board was vested with the responsibility for supervision of the approximately 68 schools, 4,500 staff members and 64,000 thousand students within the CCPS school system.
**RESPONSE:**

2

7.    At all times relevant, Thomas Dale High School (hereinafter "TDHS"), was a part of the Chesterfield County Public School system.
**RESPONSE:**


8.    At all times relevant, Defendant, Anthony McLaurin (hereinafter "McLaurin"), was the principal of Thomas Dale High School and was responsible for the students and staff of TDHS.
**RESPONSE:**

9.    At all times relevant, Defendant John/Jane Doe, Bus Driver was an employee of CCPS.
**RESPONSE:**


10.    On November 3, 2022, Plaintiff was a student enrolled at and attending TDHS.
**RESPONSE:**


11.    On November 4, 2022, Plaintiff was a student enrolled at and attending TDHS.
**RESPONSE:**


12.    At all times relevant, Plaintiff had significant intellectual disabilities which qualified her for special education services at TDHS.
**RESPONSE:**


13.    At all times relevant, Plaintiff was transported to and from school on vehicles operated under the authority of Chesterfield County Public Schools and designated for special needs students.
**RESPONSE:**


14.    At all times relevant, Plaintiff's intellectual disabilities required her to be constantly supervised.
**RESPONSE:**


15.    At all times relevant, Sephiroth Jacob Barnes, was a student enrolled at and attending TDHS.
**RESPONSE:**


16.    On November 3, 2022, the Plaintiff was left unsupervised outside of the school building on the grounds of TDHS. There was no teacher, administrator or other responsible adult within seeing or hearing distance of Plaintiff.
**RESPONSE:**

3

17.     On November 3, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff when he touched her breasts and vaginal area without her permission or consent.
**RESPONSE:**

18.     On November 4, 2022, the Plaintiff and Sephiroth Jacob Barnes were transported on the same school bus designated for special needs students.
**RESPONSE:**

19.     On November 4, 2022, there was no aid on the school bus to supervise and/or assist with the special needs students, including the Plaintiff and Sephiroth Jacob Barnes.
**RESPONSE:**

20.     On November 4, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff when he touched the Plaintiff's breasts without her permission or consent.
**RESPONSE:**

21.     On November 4, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff by penetrating her vagina with his fingers without her permission or consent.
**RESPONSE:**

22.     On January 17, 2023, Sephiroth Jacob Barnes was indicted by a grand jury in Chesterfield County for aggravated sexual battery against the Plaintiff on November 3, 2022.
**RESPONSE:**

23.     On January 17, 2023, Sephiroth Jacob Barnes was indicted by a grand jury in Chesterfield County for aggravated sexual battery and object sexual penetration of the Plaintiff on November 4, 2022.
**RESPONSE:**

24.     At all times relevant, school officials had a duty to protect the Plaintiff from sexual assault while she was on school grounds.
**RESPONSE:**

25.     At all times relevant, school officials had a duty to protect the Plaintiff from sexual assault while she was being transported on the special needs school bus.
**RESPONSE:**

4

RESPECTFULLY SUBMITTED,

JADA ANN THORNTON,
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel
Charlotte P. Hodges, VSB #41547
**B.I.G. Legal Services, PLLC**
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this _4th_ day, _November, 2024_ , a true copy of the foregoing Request for Admissions was mailed, postage prepaid, first class, to the following:

**CHESTERFIED COUNTY SCHOOL BOARD,**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Anthony McLaurin, Principal**
**Thomas Dale High School**
**3626 W. Hundred Road**
**Chester, VA 23831**

Charlotte P. Hodges

5

# COMMONWEALTH OF VIRGINIA



**RECEIVED**

**NOV 13 2024**

Chesterfield County
Attorney's Office

CHESTERFIELD COUNTY CIRCUIT CO
Civil Division
9500 COURTHOUSE ROAD
CHESTERFIELD  VA  23832-0909

Summons

To: ANTHONY MCLAURIN                    Case No. 041CL24004319-00
    PRINCIPAL OF THOMAS DALE HIGH
    SCHOOL
    3626 W. HUNDRED ROAD
    CHESTER VA 23831

The party upon whom this summons and the attached complaint are served is hereby notified
that unless within 21 days after such service, response is made by filing in the clerk's office
of this court a pleading in writing, in proper legal form, the allegations and charges may be
taken as admitted and the court may enter an order, judgment, or decree against such party
either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, November 04, 2024

Clerk of Court:  AMANDA L POHL

                    by _____
                                   (CLERK/DEPUTY CLERK )

Instructions:      REQUEST FOR ADMISSION


Hearing Official:


Attorney's name:      HODGES, CHARLOTTE P; ESQ

VIRGINIA:

## IN THE CHESTERFIELD COUNTY CIRCUIT COURT

JADA ANN THORNTON,
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

                       **Plaintiffs,**

v.

CHESTERFIELD COUNTY PUBLIC SCHOOLS,
Serve On:  Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair                        **DOCKET NO.:**
9900 Krause Road
Chesterfield, VA 23832

and

ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools

                       **Defendants.**

## COMPLAINT

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie

Briggs, by counsel, and respectfully moves this Honorable Court for judgment Against the

Defendants, Chesterfield County Public Schools (hereinafter "CCPS"), Anthony McLaurin

(hereinafter "McLaurin"), in his capacity as Principal of Thomas Dale High School (hereinafter

"TDHS), and John/Jane Doe, Bus Driver, in his/her capacity as an employee of CCPS, jointly

1

and severally, in the amount of $375,000.00 together with costs of this action, and pre-judgment and post-judgment interest from November 3, 2022, on the grounds set forth below:

## PARTIES

1. Plaintiff, Jada Ann Thornton (hereinafter "Jada"), is a 22-year-old incapacitated adult, who has been diagnosed with Autism Spectrum Disorder, epilepsy, spastic Cerebral Palsy, depression, anxiety and Rheumatoid Arthritis. At all times relevant herein, Jada suffered with these conditions.

2. On August 27, 2019, this Court entered an Order appointing Natalie Briggs (nee' Tyler), (hereinafter "Briggs'') as Co-Guardian of the person of Jada.

3. Defendant, CCPS is a school system operating under the responsibility and supervision of the Chesterfield County School Board, a corporate body and a political subdivision of the Commonwealth of Virginia under the authority of Title 22.2 of the Code of Virginia.

4. Defendant, Anthony McLaurin (hereinafter "McLaurin"), is and was at all times relevant herein, the principal of Thomas Dale High School.

5. Thomas Dale High School (hereinafter "TDHS") is a high school within the Chesterfield County School System under the supervision of CCSB and operates two campuses located at 3626 W. Hundred Road, Chester, Virginia and 3900 W. Hundred Road, Chester, Virginia in Chesterfield County.

6. This Court has personal jurisdiction over Defendants pursuant to Virginia Code Section 8.01-328.1 (1)-(4).

## VENUE

7. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

2

8. At all times relevant to this Complaint, the actions and omissions of the Defendant's occurred in Chesterfield County, Virginia.

9. Venue is proper in this Court pursuant to Virginia Code Section 8.01-262(1) and Virginia Code Section 8.01-262(2).

## FACTS

10. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

11. On November 3, 2022 and November 4, 2022, Jada was a student at TDHS.

12. At all times herein mentioned, Jada's significant intellectual and physical disabilities qualified her for special educational services.

13. Jada was a special needs student (hereinafter "SPED") with an Individualized Educational Plan (hereinafter "IEP") and was largely educated in a self-contained classroom.

14. Jada was transported to and from school on buses operated by CCPS and designated specifically for SPED students.

15. At all times herein mentioned, Jada's mental and physical disabilities required her to be constantly supervised, including while in the care of Chesterfield County school officials.

16. At all times relevant to this Complaint, the Defendant CCPS had a duty to ensure a safe environment for SPED students. Including Jada, and to provide those students with employee supervision that facilitated a safe environment.

17. CCPS has overall responsibility for the hiring, training and supervision of its faculty and staff, including all individually named defendants.

18. At all times relevant to this Complaint, McLaurin was the principal of TDHS in

3

Chesterfield County, Virginia. As principal, McLaurin's duties included ensuring that all students attending TDHS were afforded a safe environment, and that students like Plaintiff Jada who had an IEP received a safe, free and appropriate public education (hereinafter "FAPE").

19. McLaurin was also responsible for supervising school personnel, as well as recommending the hiring and firing of teachers and other school staff who failed to comply with school policies, the U.S. Constitution and the Virginia Constitution regarding ensuring the safety and well-being of the students at TDHS.

20. At all times relevant to this Complaint, John/Jane Doe was an employee of CCPS with the responsibility of transporting SPED students safely to and from TDHS.

21. On November 3, 2022 and November 4, 2022, Jada was sexually assaulted by Sephiroth Jacob Barnes (hereinafter "Barnes"), a male student who also attended TDHS.

22. On November 3, 2022, Jada was standing on the grounds of TDHS, unsupervised when Barnes approached Jada and touched her breasts and vaginal area without her agreement or consent.

23. On November 3, 2022, school officials failed to take steps to ensure that Jada would not be left alone and away from appropriate supervision with other students like Barnes who could harm her.

24. On November 4, 2022, while on the school bus headed to TDHS, Jada was once again left alone and unsupervised when Barnes stuck his hand under Jada's shirt and touched her breasts.

25. At the same time Barnes also stuck his hands in Jada's pants and penetrated Jada's vagina with his fingers and/or an unknown object.

4

26. CCPS failed to provide an aide or proper supervision on the SPED bus when Barnes assaulted Jada for the second time.

27. On January 17, 2023, a grand-jury indicted Barnes on two counts of aggravated sexual battery in violation of §18.2-67.3(2) of the Code of Virginia and inanimate/animate object sexual penetration by force in violation of §18.2-67.2(A,2) for his actions on November 3, 2022 and November 4, 2022.

## COUNT 1 – GROSS NEGLIGENCE

28. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29. At all times herein mentioned, Jada was a SPED student, who required supervision for her care and safety.

30. At all times relevant to this Complaint, Defendants had a duty to use reasonable care and ensure the safety and well-being of Jada and other SPED students at TDHS, and keep them out of harm's way.

31. The Defendants breached this duty of care when they recklessly allowed Jada to be left unsupervised outside of the school and on the school bus, where Barnes was able to sexually assault her on each occasion.

32. At all times herein mentioned, school officials were grossly negligent in failing to recognize the danger to Jada by allowing her to be unsupervised on school grounds and on the SPED school bus.

33. At all times herein mentioned, school officials were grossly negligent in failing to protect Jada from Barnes.

34. The Defendant's conduct and lack of supervision showed such indifference to Jada that it constituted an utter disregard of caution amounting to a complete neglect of her safety

5

and the safety of other students similarly situated.

35. The defendants acted with such indifference that their conduct constituted gross negligence.

36. As a direct and proximate result of the Defendant's gross negligence, Jada was the victim of two sexual assaults and suffered physical injury and mental anguish.

37. At all times herein mentioned, the school officials committed the following acts and omissions: failed to properly supervise Jada, a SPED student with an IEP, failed to properly supervise Barnes when they knew or should have known the danger he posed to students like Jada, failed to prevent the sexual assault of Jada by Barnes on TDHS school grounds, failed to prevent the sexual assault of Jada on the CCPS SPED school bus, and failed to keep Jada safe while on school grounds and on the SPED school bus.

## COUNT 2 – 42 U.S.C. §1983

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. Through their actions and omissions set forth above, and while acting under color of state law, and in their capacity as CCPS employees, the Defendants violated substantive due process rights to bodily integrity guaranteed to Jada by the Fourteenth Amendment to the United States Constitution.

40. Defendants created the danger to Jada by failing to ensure her safety while she was in their control, custody and care.

41. Defendant's failure to supervise Jada left her vulnerable to the sexual assaults she endured.

42. Defendant's aforesaid actions and omissions constitute a willful, wanton, reckless, and conscious disregard of Jada's constitutional rights, by reason of which Plaintiff is entitled to recover punitive damages.

6

43. Defendant's violations of the Fourteenth Amendment to the U.S. Constitution establish a cause of action, pursuant to 42 U.S.C. § 1983, for monetary relief consisting of compensatory damages and punitive damages, attorneys' fees, and costs to the Plaintiff.

WHEREFORE, the Plaintiff Jada Ann Thornton, by and through her Mother and Next Friend, Natalie Briggs, demands judgment against the Defendants, Chesterfield County Public Schools, Anthony McLaurin, in his official capacity as Principal of TDHS, and John/Jane Doe, Bus Driver, in his/her official capacity as a CCPS employee, jointly and severally, in the amount of $375,000.00, plus interest from November 3, 2022 and costs, and $350,000.00 in punitive damages against Defendants for the state law willful and wanton negligence claims, attorneys' fees (in connection with the applicable federal claim) and grant such other and further relief that the Court may deem appropriate.

**A TRIAL BY JURY IS DEMANDED.**

RESPECTFULLY SUBMITTED,

JADA ANN THORNTON,
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel _____
Charlotte P. Hodges, VSB #41547
*B.I.G. Legal Services, PLLC*
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

VIRGINIA:

### IN THE CHESTERFIELD COUNTY CIRCUIT COURT

JADA ANN THORNTON,
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

                        **Plaintiffs,**

v.

CHESTERFIELD COUNTY PUBLIC SCHOOLS,
Serve On: Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair                         **DOCKET NO.:**
9900 Krause Road
Chesterfield, VA 23832

and

ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools

                        **Defendants.**

### INTERROGATORIES

       The following Interrogatories are directed to the Defendants, pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia. You are required to answer these Interrogatories in writing, under oath, and to serve a copy of your answers to Charlotte P. Hodges, Esq. at the law office of B.I.G. Legal Services, at P.O. Box 4302, Midlothian, Virginia 23112, within the time prescribed by the Rules.

1

## Definitions and Instructions

(a) These Interrogatories are continuing in nature and should be supplemented as new or updated information and documents are known to be available.

(b) Where the name or identity of a person or entity is requested, please state the full name, home address, and business and home telephone number, if known.

(c) Where the term "business entity" is used, it shall be defined as any form of business enterprise, including, but not limited to, proprietorships, partnerships (general or limited), joint ventures, realty trusts, non-publicly traded corporations and closely-held corporations.

(d) Unless otherwise indicated, these Interrogatories refer to the item, place and circumstances of the subject matter mentioned or complained of in the pleadings.

(e) Where information or knowledge in the possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, the party's attorneys.

(f) The words "you", "your", or "yourself" refer to the party to whom these interrogatories are addressed and the persons mentioned in paragraph E above.

(g) "Document" or "documents" means all written, printed, typed or other graphic matter in your possession, custody or control, whether or not prepared by you and include, but are not limited to, all agreements, memoranda, reports, notes, diaries, calendars, internal communications, interoffice communications, telegrams, letters, data, books, manuals, directives, bulletins, accounts, reports, vouchers, invoices, bills, ledgers, minutes, and summaries of meetings, conversations or communications of any type, including telephone conversations. "Document" or "documents" also include all copies which are not identical with the original.

(h) "Communication" or "communications" means all oral, visual or other sensory means of transmitting information, messages or statements.

(i) Where appropriate, the masculine gender may be substituted for the feminine gender and vice versa, and the singular may be substituted for the plural and vice versa.

2

(j) If additional space is required to fully answer any interrogatory, please continue the answer on a separate sheet of paper labeled as to which Interrogatory the answer is continuing.

## INTERROGATORIES

1.      Identify the person or persons responding to these Interrogatories and Request for Production of Documents on behalf of the Chesterfield County Public Schools.

**ANSWER:**

2.      Identify each person who has provided information in connection with the Answers to these Interrogatories and Request for Production of Documents.

**ANSWER:**

3.      Has the Chesterfield Countyp Public Schools been named as a Defendant in a lawsuit arising from any kind of assault on a student during the ten (10) year period preceding the filing of this lawsuit? If so, state the court, the caption and the case number for each such lawsuit.
**ANSWER:**

4.      State whether there were any policies, procedures, guidelines, rules or protocols for supervising special needs students on school grounds, during the time period spanning August 1, 2022 through June 30, 2023. If so, state:

Whether such policies, procedures, opinions, rules or protocols are published and by whom;

The effective date of said policies, procedures, guidelines, rules or protocols;

Which staff members are bound by said policies, procedures, guidelines, rules or protocols; and

Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence. If so, state the change(s) and the date(s) of any such change(s).
**ANSWER:**

3

5.    State whether there were any policies, procedures, guidelines, rules or protocols for supervising special needs students on the school bus, during the time period spanning August 1, 2022 through June 30, 2023.  If so, state:

Whether such policies, procedures, opinions, rules or protocols are published and by whom;

The effective date of said policies, procedures, guidelines, rules or protocols;

Which staff members are bound by said policies, procedures, guidelines, rules or protocols; and

Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence.  If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

6.    Identify each employee, agent, or any other person with knowledge of the incidents alleged in the Plaintiff's Complaint, including but not limited to eyewitnesses, and/or people claiming to be eyewitnesses.  For each such individual, identify his or her job title and the job function being performed by that individual on November 3, 2022 and November 4, 2022, as well, a summary of that individual's knowledge.

**ANSWER:**

7.    If anyone investigated this matter on your behalf including, but not limited to, schol administrators or employees, medical experts, private investigators, or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings.  If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**ANSWER:**

4

8.      Identify each person interviewed concerning the incident.  For each such person state the date of the interview, the substance of the interview and if the interview was recorded and/or transcribed.
**ANSWER:**

9.      Identify each written report made by any person concerning the incident.
**ANSWER:**

10.     If you know of the existence of any picture(s), photograph(s), and/or video recordings related to the incidents alleged in the Plaintiff's Complaint on November 3, 2022, identify the substance of such picture(s), photograph(s), and/or video recording and the present custodian of each such item.
**ANSWER:**

11.     If you know of the existence of any picture(s), photograph(s), and/or video recordings related to the incidents alleged in the Plaintiff's Complaint on November 4, 2022, identify the substance of such picture(s), photograph(s), and/or video recording and the present custodian of each such item.
**ANSWER:**

12.     Do you know of any statement, conversation, comment, testimony, or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and custodian of such statement.
**ANSWER:**

5

13.    State the name and specialty of all experts whom you propose to call as witnesses at trial. For each expert, state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

**ANSWER:**

RESPECTFULLY SUBMITTED,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel
Charlotte P. Hodges, VSB #41547
**B.I.G. Legal Services, PLLC**
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2024, a true copy of the foregoing Interrogatories was mailed, postage prepaid, first class, to the following:

**CHESTERFIED COUNTY SCHOOL BOARD,**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Anthony McLaurin, Principal**
**Thomas Dale High School**
**3626 W. Hundred Road**
**Chester, VA 23831**

Charlotte P. Hodges

6

**VIRGINIA:**

## IN THE CHESTERFIELD COUNTY CIRCUIT COURT

**JADA ANN THORNTON,**
**an incapacitated person, by her Mother and**
**Next Friend, NATALIE BRIGGS,**

                                    **Plaintiffs,**

**v.**

**CHESTERFIELD COUNTY PUBLIC SCHOOLS,**
**Serve On:  Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Serve On: Chesterfield County School Board**
**Dot Heffron, Chair**                               **DOCKET NO.:**
**9900 Krause Road**
**Chesterfield, VA 23832**

**and**

**ANTHONY MCLAURIN, In His Capacity As**
**Principal of Thomas Dale High School,**
**Serve On:**
**3626 W. Hundred Road**
**Chester, VA 23831**

**and**

**JOHN/JANE DOE, BUS DRIVER, In his/her capacity**
**as an employee of Chesterfield County Public Schools**

                                    **Defendants.**

### REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie Briggs, by counsel, pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, requesting the Defendants, to produce the following documents, and to serve your responses to Charlotte P. Hodges, Esq. at the law office of B.I.G. Legal Services, at P.O. Box 4302, Midlothian, Virginia 23112, within the time prescribed by the Rules.

## Definitions and Instructions

(a) This Request for Production of Documents is continuing in nature so as to require you to file supplemental documents if you obtain further documents before trial.

(b) In producing documents requested herein, you shall produce documents in full, without abridgements, abbreviation or expurgation of any sort.

(c) "You" refers to the party to whom this Request for Production is addressed and such party's agents, representatives, and, unless privileged, his/her attorneys.

(d) "Document" or "documents" means any written, typed, recorded, printed, photocopied or graphic matter however produced or reproduced, or any other tangible record, including but not limited to any paper, letter, telex, telecopy, telegram, correspondence, records or minutes of conferences, meetings and conversations, testimony, memoranda, handwritten notes, summaries, telephone logs, messages, calendars, appointment books, ledgers, desk pads, diaries, agenda, schedules, charts, interoffice communications, microfilm, computer or other business machine record lists, bulletins, minutes, journals, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices, reports, analyses, appraisals, worksheets, drawings, entries in books of account, bank checks, bank deposits, bank withdrawals, bank credit and debit memoranda, confirmation slips, circulars, brochures, advertisements, financial statements, financial projections, financial calculations, financial tabulations, quotations, prospectuses, contracts, agreements, deeds, leases, binders, records or recordings of oral conversations, and other data compilations and graphic material from which information can be obtained, translated, read or transformed through various means into reasonably useable form, including computer disks or hard drives, together with any attachments and annotations thereto and thereon, and any and all non-identical copies and drafts of such matter and shall include every document to you, your agents, representatives or other persons acting, or who have acted on your behalf.

(e) If it is impossible to provide copies on paper of materials saved on a personal or business computer hard drive, copies of the data shall be provided on usb drives; or, if the data is likewise unable to be copied to a usb drive, the requesting attorney or his/her designated agent shall be given access to the computer in question to view the data *in situ*.

(f) If any Request for Production of Documents request information that is withheld under claim of privilege or other claim of immunity from disclosure, or that has been destroyed, placed beyond your control, or otherwise disposed of/each such document shall be identified by:

(g)

    i.      Author(s);

    ii.     Addressee(s);

    iii.    Date;

    iv.    Type of document;

    v.     Subject matter;

    vi.    Number of pages;

    vii.     Number of attachments or appendices;

    viii.    Indicated or blind copies;

    ix.      All persons to whom distributed, shown or explained;

    x.       Date of destruction or other disposition;

    xi.      Reason for destruction or other disposition;

    xii.     Persons authorizing destruction or other disposition;

    xiii.    Persons destroying or otherwise disposing of document;

    xiv.    If not destroyed, person in possession of document otherwise disposed of; and

    xv.     What immunity or privilege is claimed.

(h) Any documents produced which reflect conversations, shall be further identified by:

    i.       participants and witnesses;

    ii.      date and time of conversation;

    iii.     location; and

    iv.     method (by telephone, in person).

(i) "The trial of this case" means the evidentiary hearing by a Commissioner or Court, any preliminary hearing before the Commissioner or Court, or any other formal proceedings where evidence pertinent to this case is expected to be introduced.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All reports prepared by any experts expected to testify on behalf of the Defendant(s) at the trial in this matter and all documents used by said experts in forming their opinions, whether such experts are medical, therapeutic, economic, or otherwise.
**RESPONSE:**

2.    All documents, including, but not limited to, all policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material identified in Interrogatories Nos. 4 and 5.
**RESPONSE:**

3.    Copies of all documents, records and/or writings made in the ordinary course of business concerning the assault of the Plaintiff on November 3, 2022.
**RESPONSE:**

4.    Copies of all documents, records and/or writings made in the ordinary course of business concerning the assault of the Plaintiff on November 4, 2022.
**RESPONSE:**

5. All of the Plaintiff's medical records, medical bills, and other medical documentation of any kind and bills obtained or received from sources other than Plaintiff or Plaintiff's counsel, whether by subpoena or otherwise.
**RESPONSE:**

6. All written reports identified in your Answers to Interrogatories.
**RESPONSE:**

7. All documents concerning any releases, settlement or other agreement, formal or informal, pursuant to which liability of any person for any injury or damage arising out of the incidents alleged in the Plaintiff's Complaint, has been limited, reduced, or released in any manner.
**RESPONSE:**

8. All documents, transcripts, tape recordings, or recordings of any kind relating to statements given by Plaintiff and/or her representative(s), agent(s) or parent(s), concerning the incidents alleged in her Complaint.
**RESPONSE:**

9. All photographs taken by you or any person on your behalf, of the Plaintiff and/or locations mentioned in her Complaint, related to her assault on November 3, 2022.
**RESPONSE:**

10. All photographs taken by you or any person on your behalf, of the Plaintiff and/or locations mentioned in her Complaint, related to her assault on November 4, 2022.
**RESPONSE:**

11. All written or recorded statements of the Defendants, or of any agent, representative or employee of the Defendant, concerning the subject matter of this action.
**RESPONSE:**

12. All written or recorded statements made by Sephiroth Jacob Barnes, and/or his representative(s), agent(s) or parent(s), concerning the subject matter of this action.
**RESPONSE:**

13. All video or audio recordings showing the locations of the incidents involving Plaintiff and Sephiroth Jacob Barnes on November 3, 2022 and November 4, 2022.

**RESPONSE:**

14.    All documents, not previously requested, that are referred to in your Answers to Interrogatories.
**RESPONSE:**

RESPECTFULLY SUBMITTED,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel _____
Charlotte P. Hodges, VSB #41547
*B.I.G. Legal Services, PLLC*
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this  4th  day of  November, 2024 , a true copy of the foregoing Request for Production of Documents was mailed, postage prepaid, first class, to the following:

CHESTERFIED COUNTY SCHOOL BOARD,
Dot Heffron, Chair
9900 Krause Road
Chesterfield, VA 23832

Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Anthony McLaurin, Principal
Thomas Dale High School
3626 W. Hundred Road
Chester, VA 23831


Charlotte P. Hodges

VIRGINIA:

IN THE CHESTERFIELD COUNTY CIRCUIT COURT

JADA ANN THORNTON,
an incapacitated person, by her Mother and
Next Friend, NATALIE BRIGGS,

Plaintiffs,

v.

CHESTERFIELD COUNTY PUBLIC SCHOOLS,
Serve On:  Dr. John T. Murray, Acting Superintendent
9900 Krause Road
Chesterfield, VA 23832

Serve On: Chesterfield County School Board
Dot Heffron, Chair                                    DOCKET NO.:
9900 Krause Road
Chesterfield, VA 23832

and

ANTHONY MCLAURIN, In His Capacity As
Principal of Thomas Dale High School,
Serve On:
3626 W. Hundred Road
Chester, VA 23831

and

JOHN/JANE DOE, BUS DRIVER, In his/her capacity
as an employee of Chesterfield County Public Schools

Defendants.

## REQUESTS FOR ADMISSION

Comes now the Plaintiffs, Jada Ann Thornton, by her Mother and Next Friend, Natalie Briggs, by counsel, pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, and requests the Defendants make the following admissions for the purpose of this pending action only.

1

## Definitions and Instructions

(a) "Plaintiff" shall mean Jada Ann Thornton.

(b) "Defendant", "Defendants", "You", and "Your" shall mean Chesterfield County School Board, Chesterfield County Public Schools, and/or Anthony McLaurin, Principal.

(c) "Subject Matter", "Incident", and "Occurrence" shall mean and refers to the assaults on November 3, 2022 and November 4, 2022 that are described in Plaintiff's Complaint upon which this suit is founded.

(d) "All times relevant" shall mean and refers to November 3, 2022 and November 4, 2022.

(e) If you deny any one of the following, you are to state with particularity the basis for said denial and attach to your denial any supporting documentation

## REQUEST FOR ADMISSIONS

1.    There is no evidence to support the affirmative defense that the Plaintiff assumed the risks of her injuries.
**RESPONSE:**

2.    There is no evidence to support the affirmative defense that the Plaintiff was contributorily negligent, or that she failed to mitigate her damages.
**RESPONSE:**

3.    There is no evidence to support the affirmative defense that the Plaintiff's case fails to state a claim upon which relief can be granted.
**RESPONSE:**

4.    At all times relevant, the Defendant, Chesterfield County Public Schools (hereinafter "CCPS") was operated under the supervision of the Chesterfield County School Board.
**RESPONSE:**

5.    At all times relevant, the Defendant, Chesterfield County Public Schools (hereinafter "CCPS") was the public school system of Chesterfield County.
**RESPONSE:**

6.    At all times relevant, the Chesterfield County School Board was vested with the responsibility for supervision of the approximately 68 schools, 4,500 staff members and 64,000 thousand students within the CCPS school system.
**RESPONSE:**

2

7.    At all times relevant, Thomas Dale High School (hereinafter "TDHS"), was a part of the Chesterfield County Public School system.
**RESPONSE:**

8.    At all times relevant, Defendant, Anthony McLaurin (hereinafter "McLaurin"), was the principal of Thomas Dale High School and was responsible for the students and staff of TDHS.
**RESPONSE:**

9.    At all times relevant, Defendant John/Jane Doe, Bus Driver was an employee of CCPS.
**RESPONSE:**

10.    On November 3, 2022, Plaintiff was a student enrolled at and attending TDHS.
**RESPONSE:**

11.    On November 4, 2022, Plaintiff was a student enrolled at and attending TDHS.
**RESPONSE:**

12.    At all times relevant, Plaintiff had significant intellectual disabilities which qualified her for special education services at TDHS.
**RESPONSE:**

13.    At all times relevant, Plaintiff was transported to and from school on vehicles operated under the authority of Chesterfield County Public Schools and designated for special needs students.
**RESPONSE:**

14.    At all times relevant, Plaintiff's intellectual disabilities required her to be constantly supervised.
**RESPONSE:**

15.    At all times relevant, Sephiroth Jacob Barnes, was a student enrolled at and attending TDHS.
**RESPONSE:**

16.    On November 3, 2022, the Plaintiff was left unsupervised outside of the school building on the grounds of TDHS. There was no teacher, administrator or other responsible adult within seeing or hearing distance of Plaintiff.
**RESPONSE:**

3

17.    On November 3, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff when he touched her breasts and vaginal area without her permission or consent.
**RESPONSE:**


18.    On November 4, 2022, the Plaintiff and Sephiroth Jacob Barnes were transported on the same school bus designated for special needs students.
**RESPONSE:**


19.    On November 4, 2022, there was no aid on the school bus to supervise and/or assist with the special needs students, including the Plaintiff and Sephiroth Jacob Barnes.
**RESPONSE:**


20.    On November 4, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff when he touched the Plaintiff's breasts without her permission or consent.
**RESPONSE:**


21.    On November 4, 2022, Sephiroth Jacob Barnes assaulted the Plaintiff by penetrating her vagina with his fingers without her permission or consent.
**RESPONSE:**


22.    On January 17, 2023, Sephiroth Jacob Barnes was indicted by a grand jury in Chesterfield County for aggravated sexual battery against the Plaintiff on November 3, 2022.
**RESPONSE:**


23.    On January 17, 2023, Sephiroth Jacob Barnes was indicted by a grand jury in Chesterfield County for aggravated sexual battery and object sexual penetration of the Plaintiff on November 4, 2022.
**RESPONSE:**


24.    At all times relevant, school officials had a duty to protect the Plaintiff from sexual assault while she was on school grounds.
**RESPONSE:**


25.    At all times relevant, school officials had a duty to protect the Plaintiff from sexual assault while she was being transported on the special needs school bus.
**RESPONSE:**

4

RESPECTFULLY SUBMITTED,

**JADA ANN THORNTON,**
An Incapacitated Person, By Her Mother And
Next Friend, NATALIE BRIGGS

By Counsel  /s/ *Charlotte P. Hodges*
Charlotte P. Hodges, VSB #41547
**B.I.G. Legal Services, PLLC**
P.O. Box 4302
Midlothian, VA 23112
804-442-3535 (office)
804-302-7048 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day, *November, 2024* , a true copy of the foregoing Request for Admissions was mailed, postage prepaid, first class, to the following:

**CHESTERFIED COUNTY SCHOOL BOARD,**
**Dot Heffron, Chair**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Dr. John T. Murray, Acting Superintendent**
**9900 Krause Road**
**Chesterfield, VA 23832**

**Anthony McLaurin, Principal**
**Thomas Dale High School**
**3626 W. Hundred Road**
**Chester, VA 23831**

/s/ *Charlotte P. Hodge*
Charlotte P. Hodges

5